# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

CRAIG F. BROWN, and BB,     )
                                           )
Plaintiffs,            )
                                           )
vs.                      )  NO. 4:11-CV-026
                                         )
REBEKAH SANDERS, *et al.*,   )
                                         )
Defendants.           )

## <u>OPINION AND ORDER</u>

This matter is before the Court on a complaint and *in forma pauperis* petition filed by Craig F. Brown, a *pro se* plaintiff, on behalf of himself and his minor daughter. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

<u>BACKGROUND</u>

Craig F. Brown brings this case against his ex-wife and the law enforcement officers of the FBI, the Indiana State Police, the Lafayette Police Department, and the Newton County Sheriff's Department. In it he seeks injunctive relief to modify the child custody decree of his minor daughter that was entered by the Tippecanoe Superior Court. He also seeks monetary damages based on the enforcement of that custody decree and the refusal of law enforcement officers to respond to his requests related to his custody arrangements.

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous . . .." 28 U.S.C. § 1915(e)(2).

Brown states that he is representing himself and his minor daughter in this proceeding. Though a litigant can represent his own interests, he may not represent others, not even his own child. *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001). Therefore Brown may not represent his daughter in this proceeding. Nevertheless, even if this case had been filed by a lawyer representing both he and his daughter, it does not state a claim for which this court can grant them any relief.

Brown is asking this Court to modify the child custody decree that was issued by the Tippecanoe Superior Court. The authority of federal district courts to review state court judgments and related claims has been strictly limited by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). This is such a case. Therefore this court lacks subject-matter jurisdiction over this claim.

Furthermore, Brown's claims for monetary damages are also meritless. Law enforcement agencies do not have the authority to modify or ignore the custody decree related to his daughter. To the extent that Brown is alleging that the police did not respond when he called them for other matters, that too is not a basis for civil liability. *See Town of Castle Rock v. Gonzales*, 545 U.S. 749, 768 (2005).

It is clear that Brown cares very deeply for his daughter and is concerned for her welfare. Though this court may not give him legal advice, it is possible that he may have a claim in the Tippecanoe Superior Court or the Court of Appeals of Indiana. But

because this court lacks jurisdiction over the claims asserted in this complaint, it is legally frivolous.

CONCLUSION

    For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**DATED:  May 13, 2011**                    **/s/RUDY LOZANO, Judge**
                                                  **United States District Court**